UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| James Sharkey,<br><br>　　　　Plaintiff<br>v.<br><br>Las Vegas Metro Police Department, et al.,<br><br>　　　　Defendants | Case No. 2:24-cv-001093-JAD-NJK<br><br>**Order Denying Motion to Consolidate and Directing the Plaintiff to Show Cause Why this Case Should Not Be Dismissed**<br><br>ECF No. 2 |

　　　James Sharkey filed a civil-rights suit against Las Vegas Metropolitan Police Department and Sergeant J. Duke, alleging that his Fourteenth Amendment rights were violated because "they have harassed [Sharkey] for years" and he has "been banned from Las Vegas Blvd by a police officer."[1] That case is pending before U.S. District Judge Cristina Silva as case number 2:23-cv-449-CDS-DJA. After Sharkey's motion to amend his complaint in that case was denied,[2] Sharkey filed that rejected, proposed amended complaint as this new action and moved to consolidate it into the one pending before Judge Silva in an attempt to bring through the back door the claims that he wasn't able to get in through the front. Judge Silva denied his motion to consolidate this case into hers.[3]

---

[1] ECF No. 3 at 4 in 2:23-cv-449-CDS-DJA.
[2] ECF No. 41 in 2:23-cv-449-CDS-DJA.
[3] ECF No. 57 in 2:23-cv-449-CDS-DJA.

The decision of whether to consolidate cases rests with the judge who has the earlier-filed case.[4]  Here, that's Judge Silva, and she decided not to consolidate these cases.  So Sharkey's consolidation request filed in this case is similarly denied.

But Judge Silva's order has raised a more fundamental question about Sharkey's strategy: whether this second case was improperly commenced.  As she explained, Sharkey admits that he filed this new case "to preserve [his] rights under the statute of limitations" after his motion to amend the complaint was denied.[5]  "Indeed, the complaint that Sharkey filed in" this second-filed case "is the same proposed amended complaint that Sharkey sought to file in" the first.[6]  "[I]t even bears" the first-filed case's filing stamp.[7]  Judge Silva perceived this strategy as "an attempt to circumvent [the] denial of Sharkey's motion for leave to amend his complaint."[8]  This, she explained, "is improper" because a plaintiff has "'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant'" and cannot use consolidation as an end run around a ruling in an earlier-filed case.[9]

So IT IS ORDERED that the motion to consolidate filed in this action **[ECF No. 2] is DENIED.**  IT IS FURTHER ORDERED that **Plaintiff James Sharkey must show cause in writing by August 5, 2024, why this case should not be dismissed as improperly commenced**

---

[4] L.R. 42-1(b) ("The motion to consolidate will be decided by the judge to whom the earliest-filed action is assigned.").

[5] ECF No. 57 at 1 in 2:23-cv-449-CDS-DJA (citing to ECF No. 48 at 2).

[6] *Id.*

[7] *Id.* at 2.

[8] *Id.*

[9] *Id.* (quoting *Hartsel Springs Ranch of Colorado, Inc. v. Bluegreen Corp.*, 296 F.3d 982, 989 (10th Cir. 2002) (internal quotation marks omitted).

(by filing a document entitled "Response to Order to Show Cause" in which he provides legal authority for the proposition that he had the right to file this second action when the judge in his first rejected his attempt to amend his complaint). Failure to show cause by that deadline will result in the dismissal of this case without further prior notice.

_____
U.S. District Judge Jennifer A. Dorsey
July 22, 2024