1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3    James Sharkey,                                        Case No.: 2:24-cv-01093-JAD-NJK

4            Plaintiff

5    v.                                                    **Order Overruling Objection, Adopting Report and Recommendation, and Denying as Moot Motion to Proceed**

6    Las Vegas Metro Police Department, et al.,            *in Forma Pauperis*

7            Defendants                                    [ECF Nos. 1, 12]

8            Pro se plaintiff James Sharkey filed a civil-rights suit against the Las Vegas Metro Police

9    Department ("Metro") and Metro Sergeant Justin Duke, alleging that they violated his

10   Fourteenth Amendment rights by threatening him with a baseless arrest to keep him off the Las

11   Vegas Strip.[1]  The assigned judge, U.S. District Judge Cristina D. Silva, rejected Sharkey's

12   efforts to amend his complaint because the deadline for amendment had passed and he didn't

13   meet the standard for reopening the deadline.[2]  So Sharkey filed his rejected amended complaint

14   as a new case—this one—and moved to consolidate it into the earlier-filed one.[3]  Judge Silva

15   denied that consolidation motion.[4]

16           Because a plaintiff may not maintain more than one case about a single nucleus of facts, I

17   ordered Sharkey to show cause why this case should not be dismissed as improperly

18   commenced.[5]  Having reviewed Sharkey's response, the magistrate judge recommends that this

19

20

---

21   [1] *Sharkey v. Duke*, 2:23-cv-449-CDS-DJA.

22   [2] *See* ECF Nos. 41 and 91 in 2:23-cv-499-CDS-DJA.
     [3] ECF No. 1-1.

23   [4] ECF No. 57 in 2:23-cv-499-CDS-DJA.
     [5] ECF No. 6.

1  second-filed case be dismissed as an improper attempt to evade Judge Silva's rulings.[6]  Sharkey

2  objects that the instant case is broader than the one before Judge Silva and that initiating a

3  second case was necessary to preserve his rights.[7]

4                                      **Discussion**

5        The Ninth Circuit has made it clear that "[p]laintiffs generally have no right to maintain

6  two separate actions involving the same subject matter at the same time in the same court against

7  the same defendant."[8]  The reason for this rule was well explained in *Professional Management*

8  *Associates v. KPMG, LLP*:

9               The denial of a motion to amend a complaint in one action is a
              final judgment on the merits barring the same complaint in a later
10             action. . . .  This is so even when denial of leave to amend is based
              on reasons other than the merits, such as timeliness. . . .  Thus, the
11             denial of leave to amend in [the first lawsuit] bars the filing of the
              same pleading in this [second] lawsuit.[9]

12

13        Sharkey's complaint in this case is the very same one rejected by Judge Silva—it even

14  bears the file stamp from that case.[10]  While he's added a few handwritten annotations here and

15  there, it's materially the same pleading.  He squarely acknowledges in his response to the order

16  to show cause that he filed his amended complaint in this second case to "seek justice after [his]

17

18

19

20

---

21  [6] ECF No. 12.

22  [7] ECF No. 14.

[8] *Mendoza v. Amalgamated Transit Union Int'l*, 30 F.4th 879, 886 (9th Cir. 2022) (cleaned up).

23  [9] *Prof'l Mgmt. Assoc. v. KPMG, LLP*, 345 F.3d 1030, 1032 (8th Cir. 2003).

[10] *Compare* ECF No. 1-1 with ECF No. 32, pp. 6–15 in 2:23-cv-499-CDS-DJA.

motion to amend was denied."[11] *Swierkiewicz v. Sorema*, which he cites for that notion, fails to

support it in any way.[12]

      Sharkey's argument that he needed to file his amended complaint as a new action to

"preserve [his] claims under the statute of limitations"[13] and "prevent unjust procedural

dismissals"[14] is unsound.  The cases he relies on for this proposition— *American Pipe &*

*Construction Company v. Utah* and *Crown, Cork & Seal Company v. Parker*[15]—are far too

procedurally distinguishable to support it.  His avenue to pursue his right to expand his original

suit to include these allegations and additional defendants is appeal, not refiling the rejected

amended complaint as a new action.  Sharkey filed that appeal—and it remains pending.[16]

      Finally, Sharkey alternatively asks this court to consolidate this case with his earlier-filed

one.[17]  But this court's local rule 42-1(b) vests the decision to consolidate exclusively in "the

judge to whom the earliest-filed action is assigned."[18]  Here, that's Judge Silva.  Because she

---

[11] ECF No. 7 at 2.

[12] *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002) (holding that an employment-discrimination complaint need not contain specific facts establishing a prima facie case under the *McDonnell Douglas* framework, but instead must merely satisfy Fed. R. Civ. P. 8(a)).

[13] *Id.*

[14] ECF No. 14 at 2

[15] *See id*. at 2 (citing *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 540 (1974) ("This case involves an aspect of the relationship between a statute of limitations and the provisions of Fed. Rule Civ. Proc. 23 regulating class actions in the federal courts."); *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983) (running of 90–day statutory period within which plaintiff was required to commence his Title VII suit was tolled during the period that there was pending a class action in which he was a putative class member)).

[16] Ninth Circuit Case No. 24-7801.

[17] ECF No. 14 at 3.

[18] L.R. 42-1(b).

already denied Sharkey's consolidation request,[19] this relief is not available through the instant case.

The Ninth Circuit recognized in *Adams v. California Department of Health Services* that "the fact that [a] plaintiff was denied leave to amend does not give h[im] the right to file a second lawsuit based on the same facts."[20] And when he does, the court has the discretion to dismiss the second-filed action.[21] Because Sharkey has not demonstrated that his initiation of this action by filing his rejected amended complaint was proper, I adopt the magistrate judge's recommendation to dismiss this second-filed case.

## Conclusion

IT IS THEREFORE ORDERED that the magistrate judge's report and recommendation to dismiss this lawsuit as duplicative **[ECF No. 12] is ADOPTED** in its entirety, Sharkey's objection **[ECF No. 14] is OVERRULED**, and his motion to proceed *in forma pauperis* **[ECF No. 1] is DENIED** as moot. This case is **DISMISSED**, and the Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
June 13, 2025

---

[19] *See* ECF No. 57 in 2:23-cv-499-CDS-DJA.

[20] *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), overruled on other grounds by *Taylor v. Sturgell*, 553 U.S. 880, 904 (2008) (quoting *Hartsel Springs Ranch of CO, Inc. v. Bluegreen Corp.*, 296 F.3d 982, 989 (10th Cir. 2002)).

[21] *Id*. at 692–93.